**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**DAVID L'HEUREUX, MICHELLE L. FARRELL,**
**PETER B. GAYAUSKI AND DONNA L. GAYAUSKI,**
**ANGEL L. RAMIREZ AND BRENDA L. VILLEGAS-RAMIREZ,**
**and STEVEN J. SILVA**
**Plaintiffs,**

: C.A.

:

**VS.** : CA 06 511 T

:

**AMERIQUEST MORTGAGE** :
**COMPANY** :
**Defendant** :

## COMPLAINT

## INTRODUCTION

1. This action seeks redress against Ameriquest Mortgage Company for violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226 .

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action under 15 U.S.C. §1640 (TILA), and 28 U.S.C. §§1331 (general jurisdiction),1332 (diversity jurisdiction) and 1337 (interstate commerce).

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) because Defendant does business in this District. Defendant is therefore deemed to reside in this District under 28 U.S.C. § 1391( c).

## PARTIES AND FACTS

### FACTS RELATING TO PLAINTIFF DAVID L'HEUREUX

4. Plaintiff David L'Heureux resides at 57 Benbridge Ave., Warwick, RI 02888.

5. On or about January 9, 2004 Plaintiff L'Heureux and his wife obtained a loan from Ameriquest, secured by their residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

6. In connection with the transaction, Plaintiff L'Heureux received or signed the following documents:

1. A note in the principal amount of $166,250;
2. A mortgage;
3. A Truth in Lending statement;
4. A notices of right to cancel, attached as Exhibit 1;
5. A One Week Cancellation Period form; attached as Exhibit 2; and
6. A HUD-1 Settlement Statement.

7. On or about July 5, 2006 Plaintiff L'Heureux exercised his extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 3.

8. Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff received accurate disclosures under the TILA.

### FACTS RELATING TO PLAINTIFF MICHELLE L. FARRELL

9. Plaintiff Michelle Farrell resides at 137 Bagley Street, Central Falls, RI 02863.

10. On or about August 9, 2004 Plaintiff Farrell and husband obtained a loan from Ameriquest, secured by their residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

11. In connection with the transaction, Plaintiff Farrell received or signed the following documents:

1. A note in the principal amount of $190,000;
2. A mortgage;
3. A Truth in Lending statement;
4. A notices of right to cancel, attached as Exhibit 4;
5. A One Week Cancellation Period form; attached as Exhibit 5; and
6. A HUD-1 Settlement Statement.

12. On or about October 19, 2006 Plaintiff Farrell exercised her extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 6.

13. Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff received accurate disclosures under the TILA.

**FACTS RELATING TO PLAINTIFFS PETER B. GAYAUSKI AND DONNA L. GAYAUSKI**

14. Plaintiffs Peter B. Gayauski and Donna L. Gayauski reside at 27 Smythe Street, Middletown, RI 02842.

15. On or about October 4, 2005 Plaintiffs Gayauski obtained a loan from Ameriquest, secured by their residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

16. In connection with the transaction, Plaintiffs Gayauski received or signed the following documents:

1. A note in the principal amount of $247,500;
2. A mortgage;
3. A Truth in Lending statement;
4. A notices of right to cancel, attached as Exhibit 7;

5. A One Week Cancellation Period form; attached as Exhibit 8; and
6. A HUD-1 Settlement Statement.

17. On or about November 6, 2006 Plaintiff Gayauski exercised their extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 9.

18. Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that the Plaintiffs received accurate disclosures under the TILA.

**FACTS RELATING TO PLAINTIFF ANGEL L. RAMIREZ AND BRENDA L. VILLEGAS-RAMIREZ**

19. Plaintiffs Angel L. Ramirez and Brenda L. Villegas-Ramirez reside at 161 John St., Pawtucket, RI 02861.

20. On or about June 12, 2004 Plaintiffs Ramirez obtained a loan from Ameriquest, secured by their residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

21. In connection with the transaction, Plaintiffs Ramirez received or signed the following documents:

1. A note in the principal amount of $189,000;
2. A mortgage;
3. A Truth in Lending statement;
4. A notices of right to cancel, attached as Exhibit 10;
5. A One Week Cancellation Period form; attached as Exhibit 11; and
6. A HUD-1 Settlement Statement.

22. On or about October 23, 2006 Plaintiffs Ramirez exercised their extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 12.

23. Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that the Plaintiffs received accurate disclosures under the TILA.

**FACTS RELATING TO PLAINTIFF STEVEN J. SILVA**

24. Plaintiff Michelle Farrell resides at 137 Bagley Street, Central Falls, RI 02863.

25. On or about August 9, 2004 Plaintiff Farrell and husband obtained a loan from Ameriquest, secured by their residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

26. In connection with the transaction, Plaintiff Farrell received or signed the following documents:

1. A note in the principal amount of $190,000;
2. A mortgage;
3. A Truth in Lending statement;
4. A notices of right to cancel, attached as Exhibit 13;
5. A One Week Cancellation Period form; attached as Exhibit 14; and
6. A HUD-1 Settlement Statement.

27. On or about October 19, 2006 Plaintiff Farrell exercised her extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 15.

28. Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff received accurate disclosures under the TILA

**DEFENDANT**

29. Defendant Ameriquest is a National corporation with its principle place of business at 1100 Town and Country Road, Suite 900, Orange, CA 92868.

30. Ameriquest enters into more than 5 transactions per year in which credit is extended

that is secured by the principal residence of a consumer and is used for purposes other than the initial acquisition or construction of the residence.

31. Ameriquest is therefore a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z.

32. Ameriquest is what is commonly known as a "subprime" lender, targeting persons who have or who believe they have impaired credit.

## COUNT I - TRUTH IN LENDING ACT

33. Plaintiffs incorporate paragraphs 1-32.

34. Because the refinance transactions referenced herein were secured by Plaintiffs' home, and were not entered into for purposes of the initial acquisition or construction of that home, they were subject to the *Right To Cancel,* which provides that homeowners have until midnight of the third business day following the consummation of the transaction or three days of receiving notice of their right to rescind, whichever is later as provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23. More specifically, the statute, provides that:

> **Except as otherwise provided in this section, in the case of any consumer credit transaction ... in which a security interest ... is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this title, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so.** (15 U.S.C. § 1635(a)).

35. To ensure that rescission is a viable option, the statute also provides that if the customer elects to rescind, the customer is entitled to the return of all money or property that the

customer has given as part of the credit transaction. More specifically, the statute provides:

> **When an obligor exercises his right to rescind under subsection (a), he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such rescission. Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction.** (15 U.S.C. § 1635(b).)

36. To ensure that home owner borrowers are aware of these rights, the statute requires lenders to disclose rescission rights to customers clearly, conspicuously and accurately. More specifically, the statute provides:

> **The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.** (15 U.S.C. § 1635(a).)

37. Regulation Z, promulgated by the Federal Reserve Board pursuant to the Truth in Lending Act, amplifies the statutory requirements. The regulation restates the statutory rescission right, 12 C.F.R. § 226.23(a), and requires that the creditor "deliver" to each person entitled to rescind "two copies" of a document that "clearly and conspicuously disclose" 12 C.F.R. § 226.23(b)(1) the borrower's rescission rights. More specifically, the regulation provides:

> **In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered by electronic communication as provided in § 226.36(b)). The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:**
>
> > **(i) The retention or acquisition of a security interest in the consumer's principal dwelling.**
> > **(ii) The consumer's right to rescind the transaction.**

**(iii) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.**

**(iv) The effects of rescission, as described in paragraph (d) of this section.**
**(v) The date the rescission period expires.** (12 C.F.R. § 226.23(b)(1).)

**DEFECTIVE NATURE OF DISCLOSURES**

38. In connection with the Plaintiffs' loan, Ameriquest Mortgage Company failed to provide the required disclosures of the plaintiffs' right to cancel within three days, in violation of 15 U.S.C. §1635 and 12 C.F.R. §226.23, for (without limitation) the following reasons:

**Incomplete Notices**

39. On each of the refinance transactions referenced herein, the Defendant Ameriquest failed to deliver "two copies" of a document that "clearly and conspicuously disclose" the rescission rights of each person entitled to rescind in violation of 15 U.S.C. §1635 and Regulation Z, 12 C.F.R. §226.23.

40. The copies of the notice of right to cancel actually delivered by the Defendant in connection with the refinance mortgage transactions referenced herein were incomplete and materially confusing and therefore, defective by no stating the date of the transaction and the date of the expiration of the rescission period, a violation of 15 U.S.C. §1635 and 12 C.F.R. §226.23(b)(1)(v).

**"One Week" Form**

41. The delivery of two different notices of right to cancel is confusing and obfuscatory, resulting in lack of clear and conspicuous disclosure of the right to cancel.

42. Further, the "one week" cancellation notice is misleading, as the period given is

actually only six days long. Upon information and belief, Ameriquest's own personnel found this confusing, and were issued a "job aid" at the beginning of each month listing the expiration dates for the official and "one week" cancellation notices for loans closed each day during the month.

43. Notice of rescission has been given to the Defendant, Ameriquest. See attached Exhibits.

44. Defendant has not rescinded any of the mortgage loans referenced herein.

45. Under 15 U.S.C. §1641(c), the right to rescind may be exercised against any assignee.

46. 15 U.S.C. §1635(g) provides:

> **Additional relief**
>
> **In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

**WHEREFORE,** Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendant Ameriquest as follows:

1. A declaration that Plaintiffs are entitled to rescind;
2. Rescission of the loan;
3. Statutory damages;
4. Attorney's fees, litigation expenses and costs.
5. Such other relief as the Court deems appropriate.

Respectfully submitted,

Christopher M. Lefebvre Bar # 4019
Claude Lefebvre, Christopher Lefebvre P.C.
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)
Lefeblaw@aol.com

**JURY DEMAND**

Plaintiffs demand trial by jury

Christopher M. Lefebvre